FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>United States Trustee | **DEFENDANTS**<br>Marilza S. Prates<br>9 Pleasant Street, Southboro, 01745 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Stephen E. Meunier, Esq.<br>U.S. Trustees, 446 Main St. Worcester, MA 01608  (508) 793-0555 | **ATTORNEYS** (If Known)<br>David G. Toone, Esq.,<br>186 Main Street, Marlborough, MA 01752  (508) 485-1551 |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ■ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>■ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

CAUSE OF ACTION:    **Denial of Discharge pursuant to 11 U.S.C. § 727 (a)(3) and (5)**

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3 etc.)

**FRBP 7001(1) — Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) — Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) — Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) — Objection/Revocation of Discharge**
■ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) — Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) — Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) — Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) — Injunctive Relief**
☐ 71-Injunctive relief— reinstatement of stay
   72-Injunctive relief— other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case — 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR  Marilza S. Prates || BANKRUPTCY CASE NO.  09-42198-HJB |
| DISTRICT IN WHICH CASE IS PENDING:  MA | DIVISIONAL OFFICE: Central | NAME OF JUDGE:  Boroff |

| RELATED ADVERSARY |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*[signature]*

DATE  May 10, 2010        PRINT NAME :  Stephen E. Meunier

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MARILZA S. PRATES | ) | Chapter 7 |
| | ) | Case No. 09-42198-HJB |
| Debtor | ) | |
| | ) | |
| | ) | |
| JOHN P. FITZGERALD, III | ) | Adversary Proceeding No. |
| Acting UNITED STATES TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| MARILZA S. PRATES | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT OBJECTING TO DISCHARGE
PURSUANT TO 11 U.S.C. § 727(a)(3) and (5)**

Plaintiff, John, P. Fitzgerald, III, Acting United States Trustee, brings this action pursuant to 11 U.S.C. § 727(a)(3) and (5) for denial of the discharge of Marilza S. Prates ("Defendant" or "Debtor"). In support of this complaint, the United States Trustee respectfully states as follows:

**PARTIES**

1. Plaintiff, John P. Fitzgerald, III, is the Acting United States Trustee ("UST") appointed pursuant to 28 U.S.C. § 581 for Region One which includes the judicial district of Massachusetts.

2. Defendant, Marilza S. Prates, has a last known address of 9 Pleasant Street, Southboro, Massachusetts, 01745.

## JURISDICTION

3. This is an adversary proceeding in which the United States Trustee is seeking a denial of the discharge of the Debtor, under 11 U.S.C. § 727(a)(3) and (5). This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(b)(2)(J), this proceeding is a "core" proceeding. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## PROCEDURAL BACKGROUND

4. The Debtor filed a voluntary Chapter 7 petition ("Petition") on June 4, 2009 ("Petition Date"), together with all Schedules and Statements, including a Statement of Financial Affairs ("SOFA").

5. The first meeting of creditors (the "341 Meeting") was scheduled for July 8, 2009. Gary M. Weiner, Esq., the chapter 7 trustee appointed to the Debtor's case, presided over the meeting.

6. The Debtor testified at the 341 Meeting that her Schedules and SOFA were truthful and accurate.

7. The Debtor had previously signed a declaration under the pains and penalties of perjury that the Schedules and SOFA were truthful and accurate.

8. By letter dated July 15, 2009, addressed to Debtor's counsel, the UST requested that the Debtor provide to the UST certain financial information and documentation, including, among other things, tax returns, pay advices, mortgage and loan documents, and bank account and credit card statements.

9. The Debtor has, to date, not provided the UST with any of the requested documents.

10. At the Section 341 Meeting, the Debtor testified that in 2007 she had received $58,000.00 in proceeds from a second mortgage that she had obtained on her condominium in Miami, Florida. However, she was unable to explain to the Trustee how approximately $45,000 of the proceeds was spent.

## COUNT I

### DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3)

11. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

12. Title 11 U.S.C. § 727 (a)(3) provides that the Court shall grant a debtor a discharge unless the Debtor fails to keep or preserve books and records from which the debtor's financial condition may be ascertained.

13. Based on the Debtor's failure to provide all of the documents requested by the UST, the UST believes and alleges that the Debtor has failed to keep or preserve books and records from which her financial condition may be ascertained.

14. The Debtor's failure to maintain and preserve books and records warrants a denial of discharge pursuant to 11 U.S.C. § 727(a)(3).

## COUNT II

## **DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(5)**

15. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

16. Title 11 U.S.C. § 727(a)(5) provides that the Court shall grant a debtor a discharge unless the debtor has failed to satisfactorily explain any loss of assets or deficiency of assets to meet the debtor's liabilities.

17. Based on the Debtor's failure to produce sufficient documents which might explain her debt and lack of assets, the UST believes and alleges that the Debtor has failed to satisfactorily explain her loss of assets or deficiency of assets to meet her liabilities.

18. The Debtor's failure to satisfactorily explain her loss of assets or deficiency of assets to meet her liabilities warrants denial of discharge pursuant to 11 U.S.C. § 727(a)(5).

- 5 -

## **REQUEST FOR RELIEF**

WHEREFORE, the United States Trustee prays the Court:

    A.    Enter a judgment declaring that the discharge of the Debtor from her debts is denied under 11 U.S.C. § 727; and

    B.    Enter such other and further relief as is just.

    Respectfully submitted,

    JOHN P. FITZGERALD, III
    Acting United States Trustee, Region 1


    /s/   Stephen E. Meunier
    Stephen E. Meunier (BBO # 546928)
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    446 Main Street, 14th Floor
    Worcester, MA 01608
    Tel:  (508) 793-0555
    Fax: (508) 793-0558
    Email:  stephen.meunier@usdoj.gov

Dated:   May 10, 2010